McKinney, J.
delivered the opinion of the court.
The complainant brings this bill to rescind a contract entered into with the defendant for the purchase of a tract of land. It appears that on the 23d day of January 1847, the defendant sold and covenanted to convey to the complainant, *517 a tract of land in Dickson county, containing, as was represented, two hundred and fifty acres, for the price or consideration of $375 00. The purchase money, except the sum of seventy-five dollars, was paid in hand; and two promissory notes, one for $25 and the other for $50, the first due 1st January 1839, were executed by the complainant to defendant fo the balance of the purchase money.
The defendant executed a bond, in which he obligated himself to make, or cause to be made to the complainant “a general warranty deed for said tract of land, on or before the first day of January 1838.” The complainant alledges in his bill that he purchased said land, confiding in the representations of the defendant, that he had a good title; but has since discovered, that he has no title to much the most valuable part thereof, and the part which w;as the inducement to purchase. That he offered to pay defendant the amount of said two notes, if he would make him a good title to said land; but that he refused to do so, and had sued and recovered judgments on said notes before a justice of the peace, and was proceeding to enforce their collection; to restrain which, an injunction is prayed for, and a recission of the contract. The defendant shows no title to the land whatever, either in his answer, or in proof. He states, that he held undisputed possession of seventy-five acres of the most valuable part of the tract, for ten years before the sale to complainant; and that he held like possession of the remainder of the tract from 1833.
He states, that the complainant has not been disturbed in his possession of said land, and expresses his willingness to make a deed pursuant to his bond. The proof shows very clearly, that the tract of land sold to complainant, to the extent of more than two thirds, in value, is covered by a conflicting and superior title. The chancellor decreed a recission of the contract, and made the injunction perpetual against the collection of said two judgments; the defendant was also *518 decreed to refund the amount of purchase money paid,' with interest thereon, and the complainant was held to account for rents and profits. An account was taken, showing a balance in favor of the complainant of $288 40, to which there was no exception on either side.
The defendant brings the cause into this court by writ of error; and it is argued that the decree of the chancellor should be reversed for two reasons.
1st. That the chancellor erred in proceeding to rescind the contract, without having referred the title to the clerk and master for examination and report therepn. We do not think so; because, from anything in the record before us, it does not appear that the defendant produced any title; and, therefore, any such reference would have been useless and unmeaning. But, had the defendant exhibited his muniments of title, it would have been a matter entirely in the discretion of the chancellor, whether to have ordered a reference to the master or not. It was competent for him, if he deemed it proper to take the labor, to investigate the title for himself; and perhaps it would be. found highly expedient, in most cases, that this course should be pursued.
2d. It is insisted, that the complainant being in possession of the land bargained for, cannot, before eviction, come into equity to rescind the purchase, or claim restitution of the purchase money. This principle has no application to the case under consideration. Where the purchaser has taken a deed with covenant of general warranty, under which he has entered; and remains in the undisturbed possession of the land conveyed to him, if there be no fraud in the transaction, he cannpt, before eviction, on the mere ground of defect of title, claim relief in equity, either' against the payment of the purchase money, or to have the contract rescinded, or restitution of the purchase money. In such case he must seek his rem *519 edy at law upon the covenant of warranty in Ms deed. 3 Hum. 116, 2 Johns. Ch. R. 519, 13 Ves. 114. But, it is otherwise, when the purchase money has not been paid and title made. If the purchaser is in possession under a mere equitable title, as a title bond, or covenant to convey, he has a clear and well established right in equity to resist the payment of the purchase money; or to have the contract rescinded, and the purchase money advanced, refunded to him, on the ground of defect of title in the vendor. He will not be required to complete the purchase, or to accept a conveyance, unless a title can be made according to his contract. And when the contract is for an entire tract of land, and a good title can only be made to part, the purchaser will not be compelled to take title, with an ¿abatement of the price or compensation for the deficiency, especially if the defect of title be so considerable, as to defeat' the inducement to the purchase, but may disaffirm the contract altogether. 11 Johns. R. 525, 4 Madd. Ch. R. 122, 3 Sim. R. 29.
Aside, therefore, from the ground of fraud existing in this case, in the concealment of the defect of the title, we think, the decree of the chancellor is well sustained, both upon the law and facts, and order it to be affirmed with costs.